### STEWART v. JONES et al.

The verdict in this case was without evidence to support it, and the court erred in overruling the motion for a new trial.
NOVEMBER 23, 1912.

Complaint for land. Before Judge Roan. Clayton superior court. December 16, 1911.

In the will of Mary Anne Rountree, dated December 7, 1887, certain land was devised to be equally divided between her nieces, Mrs. McGinnis, Mrs. Jones, and Miss Rosser, "and if either of them should die without leaving a child or children who have ar-. rived at the age of maturity or should so live after its parent's death, then the share given to her under this will shall go to and belong to the owner or owners [?] of each child or children who should reach the years of maturity . . and at the death of any one or all of them not leaving a child or children as described, . . then said land shall belong to such child or children as each shall leave, so that the children so living of my nieces shall take whatever under this will would be their mothers'." After the death of the testatrix the three named nieces went into possession of the devised land and divided it, each taking a third. Mrs. McGinnis, on December 9, 1891, executed to Celia Atkinson a quitclaim deed for the part of the land she had taken, and died in September, 1897. Celia Atkinson, on January 21, 1892, made to W. B. Stewart a quitclaim deed to the same land. Both of these deeds were promptly recorded. Stewart went into possession of the land, and so remained until his death in 1901. In December, 1901, a judgment was rendered by the court of ordinary, setting apart to Stewart's widow as a year's support "the property sued for in this case, together with other property, lands, notes, stores, or accounts, all estimated at $32,000." Mrs. Stewart went into possession of the land in dispute, and had so remained for more than seven years when this suit was brought to recover the land by Mrs. Jones, her two sons, and Miss Rosser. The defendant set up title by prescription arising from actual and adverse possession for over seven years under color of title, Mrs. Jones and Miss Rosser being sui juris at the time of the death of Mrs. McGinnis. A verdict for the plaintiffs (other than the sons of Mrs. Jones) was rendered, and the defendant excepted to the refusal of a new trial.

There was testimony of declarations or statements by W. B. Stewart in his lifetime, recognizing title in Mrs. Jones and Miss Rosser as well as in Mrs. McGinnis, and of a statement by him just after the death of Mrs. McGinnis, "that he was ready to give the land up at any time." It did not appear that the defendant knew of any of these statements. She testified that she knew nothing of the land before Mr. Stewart died, and nothing of any ques-

tion about his title until about two years after his death, when Mr. Rosser came to see her and told her she would have to give up the land. To this she replied, that she would see her lawyer before she did so; that if the land belonged to the Rosser children, the Stewart children did not want it, but if it belonged to the Stewart children she was there to defend their rights; and that she did not want anything that did not belong to Mr. Stewart. She did not again see or hear from Rosser. One of the plaintiffs testified that Stewart, in conversation with her soon after the death of Mrs. McGinnis, claimed that he owned the land and refused to give it up. There was also testimony that when Stewart died his estate was insolvent, much of it consisting of worthless notes and accounts amounting to thousands of dollars.

*Cam. D. Dorsey, W. L. Watterson,* and *Joseph W. & John D. Humphries,* for plaintiff in error, cited *Ga. R.* 32/239; 50/629; 68/770; 70/796; 92/233, 443; 99/792; 106/32; 115/794; 117/805.

*J. F. Golightly* and *W. T. Kimsey,* contra, cited *Ga. R.* 27/280; 28/130; 74/695; 94/351; 102/831; 104/151; 128/485.

BECK, J. We are of the opinion that the verdict in this case was not authorized by the evidence. The undisputed testimony shows that the land which the plaintiffs in the court below recovered under the verdict of the jury was, together with other property, duly set apart to the defendant, Mrs. Stewart, as a year's support, and that under the return of the appraisers so setting it apart she entered into possession of it and continued in possession openly, notoriously, peaceably, and adversely for a period of seven years. If, because of a defect in her husband's title to this property, the return of the appraisers duly admitted to record did not vest title in Mrs. Stewart, the return was certainly color of title; and all the other elements of a good prescriptive title having been shown to exist, she acquired a prescriptive title to the land after the lapse of the statutory period of seven years. The contention that the possession of Mrs. Stewart's husband, who had held the land for several years prior to his death under a quitclaim deed, was not bona fide, on the ground that he had knowledge of an outstanding title, and that this would operate to defeat Mrs. Stewart's prescriptive title, is not sound, in the absence of any proof that Stewart had communicated to his wife the fact of his knowledge of the

defect in his title, so as to put her on notice that he was not holding the land in good faith; and the jury would not be authorized to presume, merely from the fact of the marriage relation, that the husband had made a communication to the wife of facts which would tend to show that his possession of certain property was not in good faith.

Nor will the fact that the return of the appraisers, setting apart a year's support, allowed the widow as a year's support an amount which seems to be excessive, the condition of the estate as to solvency and insolvency being considered, be sufficient to authorize the jury to treat the return of the appraisers as null and void on the ground that it was fraudulent, in a collateral attack upon the return seven years after it was duly admitted to record.

The judge by his charge eliminated two of the plaintiffs as parties to the suit. Whether these two plaintiffs had any right or title to any part of the land in question is not considered, there being no exception to that part of the judge's charge which removed them as parties litigant from the case. The only question made for decision under the record is whether or not Mrs. Stewart, the defendant in the court below, had a prescriptive title as against the plaintiffs, Mrs. Jones and Miss Rosser. As indicated above, the court is of the opinion that the prescriptive title of the defendant in the court below was complete under the evidence adduced on the trial, and the jury were not authorized by the evidence to render a verdict adverse to her.

*Judgment reversed. All the Justices concur.*